UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jose Lopez Barrera,<br><br>                            Plaintiff,<br><br>      -v-<br><br>Allen Blvd Interiors Inc., and<br>Merlin Antonio Yanez,<br><br>                           Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Jose Lopez Barrera ("Plaintiff" or "Barrera"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants Allen Blvd Interiors Inc., and Merlin Antonio Yanez (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees

pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Jose Lopez Barrera ("Plaintiff" or "Barrera") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief and all times relevant herein, Defendant Allen Blvd Interiors Inc. ("ABI") was a New York for-profit corporation.

9. Upon information and belief and at all times relevant herein, Defendant Merlin Antonio Yanez ("Yanez") was a sub-contractor and agent of Defendant ABI.

10. Upon information and belief and at all times relevant herein, Defendants ABI and Yanez individually and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff.

11. Upon information and belief, Defendants shared a principal place of business in Nassau

County, New York, at 135 Allen Blvd, Farmingdale, NY 11735.

12. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants. See i.e. *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 150 - 151 (2d Cir., 2008).

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants, individually, and/or jointly were engaged in the business of providing construction and repairs.

14. Upon information and belief, and at all relevant times herein, Defendants, individually and/or employed approximately over 50 employees.

15. Plaintiff was employed by Defendants, individually and/or jointly, from in or around 2014 to on or about November 5, 2019 – Plaintiff was fired by Defendant Allen Blvd Interiors Inc.

16. At all times relevant herein, Plaintiff was individually and/or jointly employed by Defendant as construction laborer performing a variety of functions within this capacity.

17. Upon information and belief, throughout his employment with Defendants, Plaintiff was paid a regular rate of $17.60 - $18 an hour at sperate times during his employment with Defendants.

18. Upon information and belief, and at all times relevant herein, and throughout the period Plaintiff was employed by Defendants, Plaintiff worked about 50 or more hours each week for Defendants and likely more, up to 6 days a week.

19. At all times relevant herein, Plaintiff was paid at his straight regular rate for each and all hours worked in a week, including his overtime hours (hours over 40 in a week), for each week during his employment with Defendants.

20. A more precise statement of the hours and wages will be made when Plaintiff Barrera obtains

3

the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

21. At all times relevant herein, neither Defendant provided Plaintiff with the notice(s) required by NYLL 195(1).

22. At all times relevant herein, neither Defendant provided Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all the hours worked by Plaintiff and did not state all wages earned by Plaintiff, among other deficiencies.

23. The circumstances of Plaintiff's termination by Defendants, are still under review and investigation and Plaintiff may assert termination claims against Defendants at a later time.

24. Upon information and belief, and at all times relevant herein, Defendants, individually, and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually.

25. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

26. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of construction materials, equipment and supplies necessary for their business.

27. Defendants as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

28. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

29. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

30. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

31. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of 40 hours in a week for each week in which such overtime was worked.

32. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

33. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

34. "Plaintiff" as used in this complaint refers to the named Plaintiff.

35. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

36. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if set forth fully and at length herein.

37. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

38. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

39. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

40. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

41. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants individually and/or jointly, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

42. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 40 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

44. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully</u>

6

<u>failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**Relief Demanded**

45. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

**AS AND FOR A THIRD CAUSE OF ACTION**
**NYLL § 190, 191, 193, 195 and 198**

46. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 45 above with the same force and effect as if fully set forth at length herein.

47. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

48. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all the non-overtime wages, and overtime wages, Plaintiff was entitled to, as required by NYLL §§ 191, 193 and 198.

49. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

50. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is

7

therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

### Relief Demanded

51. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid non-overtime and overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

52. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

53. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

54. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

55. As to his **Third Cause of Action**, award Plaintiff all outstanding wages, including unpaid non-overtime wages, overtime wages, wage deductions, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

56. Award Plaintiff prejudgement interest on all monies due;

57. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

58. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
           **November 28, 2019**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF